**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**TY L. CLARKE, ESQ., SBN 339198**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: TClarke@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS SIMS, an individual, | Case No.: |
| Plaintiff, | |
| v. | <u>COMPLAINT FOR DAMAGES</u><br>(42 U.S.C. § 1983) |
| BAY AREA RAPID TRANSIT DISTRICT, a municipal corporation; and DOES 1-50, inclusive, | |
| Defendants. | <u>JURY TRIAL DEMANDED</u> |

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

## INTRODUCTION

1.      On March 25, 2024, Travis Sims was at the Warm Springs/Fremont BART station when, as he was exiting, two yet-to-be-identified BART police officers tackled Mr. Sims onto the concrete floor.

2.      Through their use of excessive force, the yet-to-be-identified BART police officers injured Mr. Sims, including having his two front teeth dislodged and several abrasions, bruises, and contusions. Notwithstanding the aforementioned physical injuries, Mr. Sims also suffered emotional distress and loss of income due to the conduct of the involved officers.

## JURISDICTION

3.      This action arises under Title 42 of the United States Code, § 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, § § 1331 and 1343. The unlawful acts and practices alleged herein occurred in Fremont, California in Alameda County, which is within this judicial district.

## PARTIES

4.      Plaintiff TRAVIS SIMS (hereinafter "Plaintiff" or "Mr. Sims")) is a competent adult, a resident of California, and a citizen of the United States. Plaintiff brings these claims individually on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, and federal civil rights law.

5.      Defendant BAY AREA RAPID TRANSIT DISTRICT (hereinafter "Defendant BART") is and at all times herein mentioned was a municipal entity duly organized and existing under the laws of the State of California that manages and operates the BART POLICE DEPARTMENT.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

6.      Plaintiff is ignorant of the true name and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictious names. Defendants DOES 1 through 50 are employees of Defendant BART. Plaintiff will amend this complaint to allege the true names and capacities of Defendants DOES 1 through 50 when ascertained. Plaintiff believes and alleges that each of the Defendant DOES 1-50 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth. Each Defendant DOES 1 through 50 proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and use of excessive force. Each Defendant DOES 1 through 50 is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will seek leave to amend this complaint in order to name Defendants DOES 1 through 50 when ascertained.

7.      In doing the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted within the course and scope of their employment for Defendant BART.

8.      In doing the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted under color of authority and/or under color of law.

9.      Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

10.     On December 5, 2024, Plaintiff filed a government claim with Defendant BART. On December 11, 2024, Plaintiff submitted an application to present a late claim. On December 12, 2024, Defendant BART granted Plaintiff's application for leave to present a late claim.

//
//
//

## FACTUAL ALLEGATIONS

11. On March 25, 2024, at around 8:00 p.m., Plaintiff was heading toward the Bay Area Regional Transit ("BART") station in Dublin/Pleasanton from the Coliseum BART station to meet up with his personal trainer.

12. Mr. Sims fell asleep while on the train. Once he woke up, he found himself at the Warm Springs BART station located in Fremont, CA. As Mr. Sims exited the train, he saw two BART Police Department officers, who were talking to one another.

13. Mr. Sims overheard the two officers state that they suspected Mr. Sims to be intoxicated and feared that he might fall onto the tracks. In response, Mr. Sims squatted down in an effort to show the police officers that he was not a threat to himself or anyone else. Despite his efforts to ease their worries, both yet-to-be-identified BART police officers charged Mr. Sims and, without provocation and/or lawful justification, tackled him onto the cement floor. The officers also shoved Mr. Sims' head into the ground face-first.

14. The officers' uses of force caused Mr. Sims to bleed profusely and lose consciousness. Although Mr. Sims recalls both officers being on top of him at some point during the incident, his ability to remember the details is impaired due to the head injury he suffered.

15. Both of the yet-to-be-identified BART police officers took Mr. Sims to Washington Hospital. At the hospital, Mr. Sims remained handcuffed while he was treated and was denied the opportunity to call anyone to let them know what had happened or where he was. After being at the hospital for a several hours, he was discharged and the same two BART police officers took Mr. Sims to the police station, where he was issued a citation. Next, the two BART police officers took Mr. Sims back to the Warm Springs Bart Station and released him from custody.

16. As a result of the excessive force employed by the yet-to-be-identified BART police officers, two of Mr. Sims' teeth were knocked out and two more were chipped. Additionally, Mr.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

Sims suffered from a right hip contusion and additional injuries to his lower body. Along with these injuries, Mr. Sims had abrasions on his left shoulder and left elbow.

17.     Mr. Sims has suffered significant financial losses as a result of this incident. For example, he lost his job at Stonebrae Country Club, where he was a lead gym trainer. In addition, Mr. Sims injuries necessitated that he seek and receive treatment for his injuries, which has resulted in him incurring considerable medical bills and mounting emotional distress.

## DAMAGES

18.     As a direct and proximate result of each of the Defendants' use of excessive force against Plaintiff, Plaintiff suffered injuries, emotional distress, fear, terror, anxiety, and a loss of sense of security, dignity, and pride as a United States Citizen.

19.     As a direct and proximate result of each of the Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

  a.  Medical expenses;

  b.  Lost wages;

  c.  Pain and Suffering, including emotional distress;

  d.  Violation of constitutional rights; and

  e.  All damages, penalties, and attorney's fees and costs recoverable under 42 U.S.C. §§ 1983, 1988; and as otherwise allowed under California and United States statutes, codes, and common law.

20.     The conduct of Defendants DOES 1-50 was malicious, wanton, oppressive, and in reckless disregard of the rights and safety of Plaintiff and the public. Plaintiff is therefore entitled to an award of punitive damages against Defendants DOES 1-50.

//

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment—Excessive Force under 42 U.S.C. § 1983)**
*(Plaintiff against Defendants DOES 1-50)*

21. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

22. When Defendants DOES 1-50 tackled Plaintiff onto the concrete floor and pushed his face into the ground, Plaintiff had committed no crimes and did not pose a threat to the Defendants. Defendants DOES 1-50 nonetheless elected to brutalize someone that posed no threat to those nearby or to himself, an inexplicable and cruel action well outside the bounds of normal law enforcement action.

23. Defendants DOES 1-50's use of force was excessive and unreasonable, which violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

24. As a result of their conduct, Defendants are liable for Plaintiff's injuries and/or damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(NEGLIGENCE)**
*(Plaintiff against Defendants DOES 1-50 and BART)*

25. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

26. At all times, Defendants DOES 1-50 owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligations.

27. At all times, Defendants DOES 1-50 owed Plaintiff the duty to act with reasonable care.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

28.     These general duties of reasonable care and due care owed to Plaintiff by Defendants DOES 1-50 included but are not limited to the following specific obligations:

a.     To refrain from employing excessive force;

b.     To refrain from abusing their authority granted to them by law;

c.     To refrain frozaqm violating Plaintiff's rights as guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law;

29.     Defendants DOES 1-50, through their acts and omissions, breached each one of the aforementioned duties owed to Plaintiff.

30.     Pursuant to Cal. Gov. Code § 815.2, Defendant BART is vicariously liable for the wrongful acts and omissions of their respective employees and agents pursuant to Cal. Gov. Code § 815.2.

31.     As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant, is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Violation of the Bane Act (Cal. Civ. Code § 52.1))**
*(Plaintiff against Defendants DOES 1-50 and BART)*

32.     Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

33.     Plaintiff brings his "Bane Act" claim individually for direct violation of his own rights.

34.     By their conduct described herein, Defendants DOES 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code § 52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

     a. Right to be free from excessive force.

     b. Right to be free from unlawful detention/arrest.

35. All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's rights; none were accidental or merely negligent.

36. Defendant BART is vicariously liable, pursuant to Cal. Gov. Code § 815.2, for the violation of rights by its employees and agents.

37. As a direct and proximate result of Defendants' violations of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages against all Defendants and is entitled to relief as set forth above, including punitive damages against all individual defendants, and including all damages allowed by Cal. Civ. Code §§ 52, 52.1, and California law, not limited to costs, attorney's fees, treble damages, and civil penalties

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Battery)
*(Plaintiff against Defendants DOES 1-50 and BART)*

38. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

39. Defendants DOES 1-50, while working as law enforcement officers for Defendant BART and acting within the course and scope of their duties, intentionally injured Plaintiff without a lawful basis.

40. As a result of Defendants DOES 1-50's conduct, Plaintiff suffered physical injuries. Defendants DOES 1-50 did not have legal justification for using this level of force against Plaintiff, and Defendants DOES 1-50's uses of force while carrying out their law enforcement duties were unreasonable uses of force.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

41.    Defendant BART is vicariously liable, pursuant to Cal. Gov. Code § 815.2, for the violation of rights by its employees and agents

42.    As a direct and proximate result of Defendants DOES 1-50's excessive uses of force against Plaintiff, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### JURY DEMAND

43.    Plaintiff hereby demands a jury trial in this action

### PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1.    For general damages in a sum to be proven at trial;

2.    For special damages, including but not limited to, past, present, and/or future wage loss, income and support, medical expenses, and other special damages in a sum to be determined according to proof;

3.    For punitive damages against Defendants DOES 1-50 in a sum according to proof;

4.    For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and § 794 (a); and as otherwise may be allowed by California and/or federal law;

5.    Any and all permissible statutory damages;

6.    For injunctive relief;

7.    For the cost of suit herein incurred; and

8.    For such other and further relief as the Court deems just and proper.

Dated:  April 11, 25

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE

/s/ Adante Pointer
Adante Pointer
Attorney for PLAINTIFF

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607